UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-210-GWU

MARTHA J. PAGE, PLAINTIFF,

VS. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Counsel for the plaintiff has filed a motion for an award of attorneys' fees under 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA), seeking $172.50 per hour for 22.79 hours of work on the successful appeal, along with $125.00 per hour for 53.10 hours of law clerk time, representing a total fee of $10,568.78. The defendant objects to the hourly rates and maintains that the hours charged are excessive.

## APPLICABLE LAW

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed." 28 U.S.C. § 2412(d)(2). There is a statutory cap of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap. Kerin v. U.S. Postal Service, 218 F.3d 185 (2d Cir. 2000). Additionally, cost of living and "special factors" may justify increasing the rate above the cap. 28 U.S.C. § 2412(d)(2).

1

Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). In making this determination, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district. London v. Halter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001). Nevertheless, the community or geographic area concept is fluid--the Sixth Circuit Court of Appeals has also discussed "prevailing market rates" as involving the metropolitan area in which another Social Security appeal was brought. Chipman v. Secretary of Health and Human Services, 781 F.2d 545, 547 (6th Cir. 1986). In addition, the Supreme Court has noted that the existence of the statutory cap (currently $125.00) on EAJA fees suggests that Congress thought this amount sufficient reimbursement for lawyers' fees, even if it should happen that "market rates" for all lawyers in the nation were higher. Pierce v. Underwood, 487 U.S. 552, 572 (1988), citing 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.") (emphasis added).[1] The burden is on the plaintiff to provide

---

[1] At the time of Pierce, the cap was $75.00. 487 U.S. at 555.

evidence that the rates he requests are in line with appropriate community rates. Blum, 465 U.S. at 895.

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases. Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992). Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute. Id.

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). However, this term has been fairly narrowly interpreted by the Supreme Court. Pierce v. Underwood, 108 S.Ct. 2541, 2544 (1988) (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation). Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement. Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990).

## DISCUSSION

**A. Prevailing Market Rate**

Counsel for the plaintiff asserts that he is entitled to more than the prevailing market rate for the Central Division of the Eastern District of Kentucky, which this court has held is currently $125.00 per hour. See, e.g., McKinney v. Astrue, No. 5:08-309-GWU (July 8, 2009). He notes that in McKinney, the undersigned cited with approval the case of Hadix v. Johnson, 65 F.3d 532, 535 (6th Cir. 1995), which recognizes that in some circumstances an "out-of-town specialist" may be required as counsel in a particular case. In determining the reasonableness of the fee petition, the court must determine "(1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience or reputation." Id.

On the threshold issue of whether it was imperative for the plaintiff to hire an attorney from outside the district, counsel asserts that he was "contacted by attorneys in Kentucky specifically because no other attorney was willing to accept and represent this . . . claimant in court." Plaintiff's Reply in Support of Her Application for Attorneys' Fees Under the Equal Access to Justice Act, Docket Entry No. 33, p. 3. He added that he was "working on getting an affidavit from local counsel." Id. Although the court has held the record open for several months, no

such affidavit has been submitted.[2]  Therefore, although the court remains open to evidence that non-attorney representatives have difficulty finding members of the Kentucky bar who will accept referrals of Social Security appeals, it must find that the matter remains not proven.

Since the first prong of Hadix has not been met, it is unnecessary to reach counsel's arguments regarding the reasonableness of his requested reimbursement rates.  The court finds no basis for departing from the EAJA statutory cap of $125.00 in the Central Division of this district.

Regarding the reimbursement for law clerk hours spent on the appeal, the court is likewise unpersuaded that the requested rate of $125.00 per hour is appropriate in this district.  Therefore, the court continues to find that $100.00 per hour is the correct rate for this service, consistent with McKinney.

**B.  Number of Hours Claimed**

Having established reasonable hourly rates, it remains to decide whether some of the time claimed is unnecessary or duplicative, or expended on purely clerical activities.

The Commissioner attacks the claimed hours from both a general and specific point of view.  Generally, he asserts that "the five individuals working on this

---

[2] An affidavit from a Michigan non-attorney Social Security representative was submitted, but it speaks only to conditions in that state.

case should not have required 74.89 hours to complete their work on this case," and recommends a reduction to 35 hours. Commissioner's Opposition to Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act, Docket Entry No. 31, p. 6. Specifically, he requests further reductions for matters alleged to be purely clerical.

As an initial matter, the Commissioner is mistaken in citing the case of Hayes v. Secretary of Health and Human Services, 923 F.3d 418 (6th Cir. 1990) as representing a finding that "[i]t is the opinion of this Court that the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours." Id. at 420, cited in Commissioner's Opposition, p. 5. The Hayes panel was quoting the district court opinion which was the subject of the appeal, and did not endorse the view put forward by the district judge.

Nevertheless, the total of 74.89 attorney and law clerk hours requested in this case is extraordinary, in the experience of this court, which extends to over a quarter of a century of reviewing social security fee petitions. It is rare for the court to approve a fee representing more than approximately 50 hours, except in cases of very unusual complexity. Even in McKinney ,supra, the court felt it was being generous in allowing a total of 48.6 hours. Id., p. 8. The current case was not of a significantly greater degree of complexity, with a 425 page administrative transcript and no novel legal issues presented.

In particular it is difficult to comprehend how one of the law clerks, Suzanne Blaz, could have spent 48.50 hours (more than six 8-hour days) reviewing an administrative transcript of this length and drafting the brief, only to have attorney Marcie Goldbloom expend another 7.58 hours on editing and revision. The court believes that this was at least twice as long as experienced professionals should have spent at these tasks, and therefore will reduce the requested reimbursement for these items by 50 percent (24.25 law clerk hours and 3.79 attorney hours).

In addition, some minor reductions requested by the Commissioner for clerical tasks totaling 0.81 attorney hours and 0.85 law clerk hours are well taken.

## C. Validity of the Plaintiff's Assignment of Fees

Although the plaintiff executed an assignment to her attorney of any fees awarded under EAJA, the Commissioner notes that the Supreme Court's ruling in Astrue v. Ratliff, 130 S.Ct. 2521, 177 L.Ed. 2d 91 (2010) establishes that the award belongs to the plaintiff. The Commissioner further raises 31. U.S.C. § 3727 as a bar to the assignment of the fee. Consistent with prior rulings, e.g., Dobbs v. Astrue, No. 6:09-418-GWU (March 23, 2011), the undersigned notes that there are certain judicially-recognized exceptions to § 3727 and its predecessors, but in view of the lack of direction from appellate courts on the issue of validity of the application of § 3727, no ruling on the validity of the assignment in this case will be made.

Counsel requests that, at a minimum, the fee check should be sent in care of his office, a procedure to which the Commissioner has had no objection in previous cases.

**ORDER**

Accordingly, the court being fully advised,

IT IS HEREBY ORDERED that the Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act is GRANTED IN PART and DENIED IN PART; the plaintiff is awarded $2,273.75 (18.19 hours x $125.00 per hour) for attorney time and $2,785.00 (27.85 hours x $100.00 per hour) for law clerk time, for a total fee of $5,058.75.  A check for this amount, minus any offset for pre-existing debts owed by the plaintiff to the United States, shall be made payable to the plaintiff and mailed directly to her counsel at the following address: Frederick J. Daley, Jr., Daley DeBofsky & Bryant, 55 W. Monroe St., Suite 2440, Chicago, Illinois 60603.

This the 28th day of June, 2011.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**